IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Anthony A. Williams,  # 288859,            )<br>                                                         )<br>                        Petitioner,       )<br>                                                         )<br>       vs.                                          )<br>                                                         )<br>Warden Cartledge,                        )<br>                                                         )<br>                        Respondent.   )<br>_____ ) | Civil Action No. 6:14-3242-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner is currently incarcerated in McCormick Correctional Institution in the South Carolina Department of Corrections ("SCDC"). The petitioner was indicted by the Oconee County Grand Jury in August 2008 for possession with intent to distribute crack cocaine, third offense (App. 107–08). On August 27, 2008, the petitioner entered a guilty plea to the charge, which was the result of traffic stop by an Oconee County sheriff's deputy on February 5, 2008. The petitioner was stopped for not having license plate lights. During the course of the stop, the officer discovered that the petitioner had outstanding warrants and attempted to take him into custody. The petitioner fled and was apprehended by the officer. Subsequently, the petitioner was arrested and booked into the Oconee County Detention Center where two bags containing 3.89 grams of crack cocaine were found in his

pants during the booking process (App. 14–15). The petitioner was represented by Nick Lavery at the guilty plea hearing. The petitioner pled guilty in exchange for a recommendation from the Solicitor for a minimum sentence allowed by statute of fifteen years and dismissal of other pending charges (App. 3, 8-10). The Honorable R. Knox McMahon accepted the plea and imposed a fifteen-year sentence, as recommended by the State. The petitioner did not file a direct appeal.

***PCR***

On March 10, 2009, the petitioner filed an application for post-conviction relief("PCR"), in which he raised the following claims:

> (a) Attorney fail[ed] to Provide or Produce Motion of Discovery
>
> (b) Ineffective Assistance of Counsel;
>
> (c) Pros[e]cutor withheld Evidence.

(App. 31).

On July 7, 2009, the State made its return to the application (App. 25–28). Tjay Bagwell represented the petitioner in the action. On July 26, 2010, the petitioner filed an amended application and raised the following claims:

> (a) Ineffective Assistance of Counsel:
>
> Client requested Motion for Discovery and Attorney failed to provide. Attorney failed to disclose facts to Applicant that would have led to a plea of not guilty being entered; or, Attorney failed to discover these facts that a reasonably effective attorney should have discovered. Attorney failed to properly investigate the facts surrounding the case. This lack of investigation led to the non-discovery of information that would have caused the respondent to have entered a plea of not guilty.
>
> (b) Plea not freely and voluntarily given:
>
> Applicant pled guilty on advice of Attorney, Applicant relied on Attorney's knowledge for a significant number of mater[i]al facts. Attorney fell below the minimum requirement for effective assistance and did not properly assist Applicant. Had the

>Attorney effectively assisted Applicant then Applicant would not have entered a plea of guilty.
>
>(c) Prosecutorial Misconduct:
>
>Prosecution failed to properly indict within the appropriate time limits. Prosecution failed to inform Applicant when Prosecution filed to have original indictment dismissed/changed. Prosecution failed to produce exculpatory material.
>
>(d) Sentencing Court did not have jurisdiction
>
>Because of invalid improper and untimely indictment Sentencing Court did not have jurisdiction.

(App. 38; *see also* doc. 16-2).[1]

An evidentiary hearing was held October 4, 2010, before the Honorable Michael Baxley, who denied relief and asked the State to prepare a proposed order based on his findings (App. 90–93). By order dated December 15, 2010, but filed on January 6, 2011, Judge Baxley denied relief and dismissed the action (App. 97–106).

*PCR Appeal*

After his PCR hearing, the petitioner appealed the denial of relief. Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed a *Johnson*[2] Petition for Writ of Certiorari in the Supreme Court of South Carolina on September 20, 2011, and presented the following question:

---

[1] The respondent noted in its return that the amended PCR application included in the PCR appeal appendix in doc. 16-1 was incomplete. Therefore the respondent filed the complete amended PCR application in doc. 16-2.

[2] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967) were followed." *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). The state court adheres to this requirement even though the United States Supreme Court has held, in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), that such review is not required. *Id.*

> Trial counsel erred in failing to conduct sufficient pre-trial consultations with petitioner prior to the plea proceeding because had counsel done so, there would have been sufficient time to discover and develop the defective chain of custody defense, which meant that petitioner most likely would not have pled guilty, but rather elected a trial by jury in the case.

(Doc. 16-3 at 2). Appellate counsel also filed a petition to be relieved of appointment as, "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit" (*id.* at 6).

By letter dated September 21, 2011, the Clerk of the Supreme Court of South Carolina advised the petitioner of his right to file a *pro se* response to the petition and "raise and argue any issues [the petitioner] believe[d] the Court should consider in th[e] appeal" (doc. 16-4). The State submitted a letter *in lieu* of a formal response on September 27, 2011 (doc. 16-5). The petitioner filed a *pro se* response (doc. 16-6). The matter was thereafter transferred to the South Court of Appeals for disposition. *See* Rule 243(l), SCACR ("The Supreme Court may transfer a case filed under this rule [governing certiorari review of post-conviction relief actions] to the Court of Appeals").

On June 6, 2014, the South Carolina Court of Appeals denied the petition for review and granted PCR appellate counsel's request to be relieved of appointment (doc. 16-7). The petitioner was barred from seeking review from the Supreme Court of South Carolina. *See Missouri v. State*, 663 S.E.2d 480, 481 (S.C. 2008) (creating bar to seeking review from Supreme Court of South Carolina following "an order [from the South Carolina Court of Appeals] denying a petition for a writ of certiorari filed pursuant to *Johnson v. State*"). On June 26, 2014, the South Carolina Court of Appeals advised the petitioner that a copy of the order was inadvertently not mailed directly to him and extended the time for issuance of the remittitur (doc. 16-8). The South Carolina Court of Appeals issued the remittitur on July 14, 2014. By letter dated July 29, 2014, the Clerk of the Court of Appeals acknowledged receiving a petition for rehearing from the petitioner; however, the petition was not timely, and was it returned to the petitioner (doc. 16-10).

**FEDERAL PETITION**

On August 14, 2014, the petitioner filed his Section 2254 petition (doc. 1). On October 17, 2014, the respondent filed a motion for summary judgment (doc. 15). By order filed October 20, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised that a failure to respond to the respondent's motion for summary judgment or a failure to support his version of the facts with evidence could result in the court granting the motion for summary judgment and dismissing the petition (doc. 17). On November 18, 2014, the petitioner filed a motion to withdraw his petition (doc. 23). On December 3, 2014, the respondent filed a response in opposition to the motion to withdraw (doc. 24). The petitioner did not file a formal response in opposition to summary judgment.

In his federal petition, the petitioner makes the following claims (verbatim):

**Ground One**: Ineffective Assistance of Counsel 6th, Involuntary Guilty Plea, Prosecutorial misconduct, subject Matte[r] Jurisdiction

Supporting facts: (1) Ineffective assistance of counsel, a. client requested motion For discovery and Attorney Failed to Provide. Attorney failed to disclose Facts to Applicant that would have led to a Plea of Not guilty being entered; or Attorney Failed to discover these Facts that a reasonably effective attorney Failed to discovered. Attorney Failed to Properly investigate the Facts surrounding the case. This lack of investigation led to the non-discovery of information that would have caused Applicant to enter a Plea of Not guilty."
b. Failure to contest chain of custody

**Ground Two**: Involuntary Guilty Plea

Supporting facts: a. "Applicant Pled guilty on advice of Attorney's knowledge For a significant number of material Facts. Attorney Fell below the minimum requirement For effective assistance and did not properly assist Applicant to a Plea of Not guilty."

**Ground Three**: Prosecutorial Misconduct

Supporting facts: a. "Prosecution Failed to properly indict within the appropriate time limits. Prosecution Failed to inform Applicant when Prosecution Failed to have original indictment

>dismissed/changed. Prosecution Failed to Produce exculpatory material."
>
>**Ground Four**:  Subject Matter Jurisdiction
>
>Supporting facts: a. "Because of invalid, improper and untimely indictment sentencing court did not have Jurisdiction."

(Doc. 1 at 5-6).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Commc's Satellite Corp.,* 759 F.2d 355, 365 (4th

Cir. 1985), *superannuated on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

The petitioner exhausted his claims by presenting them in the PCR application and *Johnson* petition.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

7

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### *Ground One*

The petitioner complains that plea counsel was ineffective in his advice prior to the plea and presents two distinct arguments within this claim: 1) that counsel was ineffective in failing to review discovery with him; and 2) that counsel was ineffective in failing to contest the chain of custody (doc. 1 at 5-6).

The petitioner's counsel at the guilty plea proceeding, Mr. Lavery, testified at the PCR hearing that he met with the petitioner four times during the petitioner's pre-trial detention in July and August 2008, discussed the elements of each charge as well as the possible punishments if the petitioner was convicted, apprised the petitioner of his right to a jury trial and to confront the witnesses, apprised him of the contents of the *Brady* material, and apprised the petitioner that he did not have a "really good factual basis based on the stop itself," despite the possible chain of custody issue (App. 76–78). The petitioner's guilty plea counsel also apprised the petitioner that, if he elected to go to trial, the Solicitor's

8

sentencing recommendation for a guilty plea would be "off the table," and the petitioner would face a sentence of fifteen to thirty years if he was convicted in a jury trial (App. 79). The petitioner's guilty plea counsel also testified that after his meetings with the petitioner, through subsequent plea negotiations, he secured from the Solicitor a specific sentencing recommendation for the minimum sentence for possession with intent to distribute-third offense (App. 80), which was fifteen years (App. 58).  Guilty plea counsel further testified, on direct and redirect examination, that he did not promise, threaten, or coerce the petitioner into pleading guilty (App. 81– 83), he was prepared to go to trial (App. 84), and he had researched the license plate light issue and chain of custody issue (App. 84–85).

To prevail on an ineffective assistance of counsel claim, the petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985).  The petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id*.  A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in *Strickland*, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference.   *See Williams v. Taylor*, 529 U.S. 362, 411 (2000).

The PCR judge heard the petitioner's testimony relating to the inventory search conducted by Officer Oakley when the petitioner was "booked" into the Oconee County Detention Center; the documentary evidence (including the "Form B") indicating that Officer Underwood found the crack cocaine at the scene of the traffic stop; the petitioner's testimony that the arresting officer was on the chain of custody form, but a different officer had take the drugs from him at booking; and the petitioner's testimony that he learned of the chain of custody issue only after his guilty plea and that his guilty plea counsel had not

explained to him the possibility of a chain of custody defense (App. 50–67). The PCR court also heard the petitioner's testimony as to the guilty plea colloquy (App. 68–71) and the testimony of guilty plea counsel with respect to his four meetings with the petitioner, during which they "did talk about some problems potentially with the indictment and with the chain of custody" (App. 75–89).

Prior to issuing his written ruling, the PCR judge at the hearing ruled that the petitioner had failed to establish deficient performance by his counsel at the guilty plea proceeding and that the petitioner had also failed to establish prejudice (App. 90–91). With respect to the chain of custody issue, the PCR judge held that, even if the petitioner's version of the chain of custody issue was true, the petitioner was not entitled to post-conviction relief:

> I find that that fact [error in chain of custody documentation] has not been established. But even if it was established in your favor, the fact that there was an error on the chain of custody statement does not mean that you would be entitled to a finding of not guilty below. Because very easily the Solicitor in calling the witnesses could have corrected the form and simply called the appropriate witnesses in the form. If, indeed, you are correct that the form was wrong, then they could have disregarded the form, he or she, and called whoever it was in the chain of custody and made their proof below.

(App. 92).

During the guilty plea colloquy, the Assistant Solicitor, Ms. Simmons, stated that Officer Oakley of the Oconee County Detention Center found the crack cocaine:

> And he was booked into the Oconee County Detention Center subsequently on the early hours of February 6th 2008, and Officer Oakley with the detention center found a quantity of crack cocaine on the defendant inside his pants. It was two bags. One bag being .63 grams, and another bag being 3.26 grams. Both of those being crack cocaine.

(App. 15). Hence, it is clear that any error on the Form B was corrected at the guilty plea proceeding in open court.

10

In his written ruling, the PCR judge found that the petitioner's guilty plea counsel's testimony was credible, and there was no proof that the alleged flaw in the paperwork would have led to a suppression of the drugs or a dismissal of the charges (App. 103). Further, with regard to the claim that guilty plea counsel failed to obtain all discovery and review it with the petitioner, the PCR judge again found counsel's testimony that he received the discovery and reviewed it with the petitioner to be credible, and the petitioner failed to meet his burden of proof (App. 103). The PCR judge found that the petitioner received the full benefit of his bargain by pleading guilty:

> What really here is, unfortunately, you were on community supervision. You caught this third offense drug charge, you worked out a deal where you had a fifteen [year] mandatory minimum sentence, which was the very least you could get. That was in your benefit. You took that plea and made the decision to do so. I don't find any basis to grant you post-conviction relief at this point.

(App. 92).

The petitioner has not shown the denial of relief was the result of an unreasonable application of federal law, and he is therefore not entitled to relief under 28 U.S.C. § 2254(d)(1). *See, e.g., Almon v. United States*, 302 F. Supp. 2d 575, 586 (D.S.C. 2004) ("There can be no ineffective assistance of counsel for failing to raise a claim which is not legally viable.").

***Ground Two***

The petitioner alleges that his plea was involuntary because of counsel's ineffectiveness: "Applicant Pled guilty on advice of Attorney's knowledge For a significant number of material Facts. Attorney Fell below the minimum requirement For effective assistance and did not properly assist Applicant to a Plea of Not guilty" (doc. 1 at 6).

The respondent notes that the PCR judge found that, absent proof of ineffective assistance of counsel, there was no basis to attack the voluntariness of the plea

11

(doc. 16 at 18; *see* App. 101). The respondent contends that the plea transcript supports the PCR's judge's determination of a voluntary and knowing plea (doc. 16 at 18-19). The undersigned agrees.

At the start of the guilty plea colloquy on August 27, 2008, the Honorable Knox McMahon, South Carolina Circuit Judge, indicated that the Court of General Sessions could not accept the petitioner's guilty plea in Indictment No. 2008-GS-37-1296 to possession with intent to distribute crack cocaine (third offense) unless the plea was given freely and voluntarily:

> THE COURT: Mr. Williams, before I can accept a plea of guilty, it's necessary for me to determine that your plea is being given freely and voluntary, therefore I need to ask you some questions.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: If you do not understand my questions, please let me know, I'll try to explain them to you. If at any time you wish to talk with your attorney, please let me know, I will allow you to do so. Do you understand?
>
> THE DEFENDANT: Yes, sir.

(App. 4). The judge asked the petitioner questions concerning his age, educational level, past work experience, current use of drugs or alcohol, or possible physical or emotional problem that would prevent the petitioner from understanding the guilty plea proceeding (App. 5). The plea judge read the indictment to the petitioner and apprised the petitioner that he could receive a sentence of fifteen to thirty years on the charge and could receive a higher sentence if later convicted of a subsequent drug charge (App. 6). The plea judge specifically apprised the petitioner that, if he pled guilty, he would be giving up "certain very important constitutional rights" — including the right to remain silent; the right to a jury trial; and the right to subpoena, hear, cross-examine, or call witnesses in his behalf (App. 6–7). The judge also informed the petitioner that a guilty plea is an admission of the truth of the

charge made against him, that a guilty plea waives any defense that the petitioner might have to the charge, and that a guilty plea waives the petitioner's right to challenge statements he made (App. 7-8). The guilty plea colloquy indicates that, in consideration of the plea agreement, the State of South Carolina was recommending minimum sentence of fifteen years and that the State of South Carolina would drop other unrelated pending criminal charges (App. 8). The trial judge also asked the petitioner specific questions relating to the plea agreement and his attorney's services (App. 10–11).

Significantly, during the guilty plea, the petitioner made no complaints or adverse comments about his counsel, Mr. Lavery, but complained about his prior retained attorney, Ennis Bodiford, who had not explained the charges to him: "So that is why I released him [Ennis Bodiford] as my attorney, but you know, attorney Nick [Lavery], he explained more clearer to me my consequences, like beforehand you know" (App. 12). The guilty plea colloquy shows that the petitioner's guilty plea was made knowingly and voluntarily.

The petitioner must show by clear and convincing evidence that the PCR court's credibility determinations were incorrect, *Wilson v. Ozmint*, 352 F.3d 847, 858–59 (4th Cir. 2003), and that these incorrect credibility determinations resulted in an improper adjudication by the PCR court. 28 U.S.C. § 2254(d)(2). A petitioner has the burden of showing that trial counsel's performance was deficient and must overcome the strong presumption that a trial counsel's conduct falls within the broad range of reasonable professional assistance. *Strickland*, 466 U.S. at 687–89. Moreover, "it is clear that the state PCR court's decision was not 'based on' any error that inheres in this finding." *Wilson*, 352 F.3d at 859 (citing 28 U.S.C. § 2254(d)(2) (stating that the state court's decision must be "based on an unreasonable determination of the facts")). Ground Two should, therefore, be dismissed. *Jones v. Polk*, 401 F.3d 257, 269–70 (4th Cir. 2005) (speculative and vague

allegations will not support habeas claim in federal court or justify the holding of an evidentiary hearing).

### *Ground Three*

The petitioner alleges in this ground that the State did not timely act on his warrant nor advise him that it did not timely act on the warrant (doc. 1 at 6). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must show that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, (1974). To prove a *Brady* violation, a defendant must demonstrate that evidence was: (1) favorable to him or her; (2) in the possession of or known by the prosecution, but nevertheless suppressed by the State; and (3) material to his or her guilt or innocence or was impeaching. *Stickler v. Greene*, 527 U.S. 263, 280–81 (1999).

The PCR judge found at the PCR hearing that the one-day delay and the timing rule[3] was a procedural rule and would not be fatal to the indictment (App. 88). In the written opinion, the PCR judge noted that "the rule that indictments must be filed within ninety days of the offense is not an absolute bar preventing the State from indicting someone outside of those limits" (App. 104). The court further found plea counsel's testimony that he did not see anything objectionable in the prosecution's actions to be credible and that the petitioner had shown neither ineffective assistance nor resulting prejudice (App. 104).

---

[3]Rule 3 of the South Carolina Rules of Criminal Procedure provides in pertinent part:

> Action on Warrant. Within ninety (90) days after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentment to the grand jury, which indictment shall be filed with the Clerk of Court, assigned a criminal case number, and presented to the Grand Jury; (2) formally dismissing the warrant, noting on the face of the warrant the action taken; or (3) making other affirmative disposition in writing and filing such action with the Clerk of Court.

Rule 3(c), SCRCrimP.

Federal habeas relief is not available to alleged violations of state law. *See Wright v. Angelone*, 151 F.3d 151, 156–58 (4th Cir. 1998); *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976); and *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960) (holding that state law issues are not valid grounds for federal habeas corpus relief). Furthermore, the petitioner's guilty plea counsel testified at the PCR hearing that he had received discovery materials and *Brady* material from the Solicitor's office (App. 77), and the petitioner did not show that the State withheld any such evidence. The petitioner has not shown that the state court's analysis of the prosecutorial misconduct issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 410 (2000); *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted). As a result, the petitioner is not entitled to federal habeas relief on Ground Three.

***Ground Four***

In his final claim, the petitioner alleges the court lacked subject matter jurisdiction "[b]ecause of invalid, improper and untimely indictment" (doc. 1 at 6). Lack of subject matter jurisdiction by the Court of General Sessions is a state law ground. *See State v. Gentry*, 610 S.E.2d 494, 498–500 (S.C. 2005). The petitioner cannot obtain federal habeas corpus relief on a state law ground. *See Wright*, 151 F.3d at 156–58; *cf. Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Essentially, there is no alleged violation of federal law to review. *See* 28 U.S.C. § 2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law). Therefore, the petitioner is not entitled to federal habeas corpus relief as to Ground Four.

**PETITIONER'S MOTION TO WITHDRAW PETITION**

On November 18, 2014, the petitioner filed a motion to withdraw his petition *without prejudice* "due to the Petitioner having newly discovered evidence that require to be addressed on state petition for application of PCR" (doc. 23 at 1). He did not file a response to the respondent's motion for summary judgment. The respondent opposed the motion to withdraw petition on the grounds that any subsequent habeas petition would be untimely; the petitioner was likely to raise the grounds raised in this case in a subsequent habeas petition; the respondent would be prejudiced because it has answered and briefed the issues in this case; and under the holding in *Jamison v. State*, 765 S.E.2d 123 (S.C. 2014), the petitioner would not entitled to PCR based on newly-discovered evidence (doc. 24).

The filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Also, the filing of a federal habeas petition does not toll the one-year limitations period of S.C. Code Ann. § 17-27-45 (Westlaw 2015) for filing a timely application for PCR. *See Green v. State*, 576 S.E.2d 182, 183 (S.C. 2003). Any new post-conviction case or new federal Section 2254 habeas case filed by the petitioner would be untimely. Although the petitioner has failed to respond to the respondent's motion for summary judgment, the above-captioned case is still the petitioner's one and only "bite at the apple," so to speak, with respect to federal habeas corpus relief. *See In Re Williams*, 444 F.3d 233, 236 (4th Cir. 2006) (allowing state or federal habeas petitioners "a second bite at the apple" would "ill-serve" principles of comity and respect for the finality of criminal convictions embodied in 28 U.S.C. § 2254 and in 28 U.S.C. § 2255). Accordingly, the motion to withdraw the petition (doc. 23) should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 15) be **granted** and that the petitioner's motion to withdraw (doc. 23) be **denied**. It is also recommended that the District Court deny a certificate of appealability.

                                                            s/Kevin F. McDonald
                                                            United States Magistrate Judge

March 20, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).